[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Earley,* Slip Opinion No. 2015-Ohio-4615.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4615

THE STATE OF OHIO, APPELLEE, *v.* EARLEY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Earley,* Slip Opinion No. 2015-Ohio-4615.]**

*Criminal law—A trial court may impose cumulative sentences for both aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and operating a motor vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) when the offense of operating a vehicle while under the influence is the predicate conduct for aggravated vehicular assault.*

(Nos. 2014-1278 and 2014-1454—Submitted June 10, 2015—Decided November 10, 2015.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 100482, 2014-Ohio-2643.

_____

**SYLLABUS OF THE COURT**

A trial court may impose cumulative sentences for both aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and operating a motor vehicle

under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) when the offense of operating a vehicle while under the influence is the predicate conduct for aggravated vehicular assault. (*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applied.)

———————————

**LANZINGER, J.**

**{¶ 1}** In this case we are asked to determine whether a trial court may impose cumulative sentences for both aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and operating a motor vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a) when the offense of operating a vehicle while under the influence is the predicate conduct for aggravated vehicular assault. We hold that it may.

## I. Case Background

**{¶ 2}** A Cuyahoga County grand jury indicted appellant, Antonia Earley, on two counts of aggravated vehicular assault, one count of endangering children, two counts of OVI, and one count of using weapons while intoxicated, all with forfeiture specifications. Earley pleaded guilty to one count of aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a); one count of endangering children, a felony of the third degree, in violation of R.C. 2919.22(A); one count of OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); and the accompanying forfeiture specifications. The state requested a nolle prosequi on the remaining counts, and those were dismissed. The trial court sentenced Earley to a term of three years for aggravated vehicular assault, 36 months for endangering children, and six months for OVI, all concurrently imposed.

**{¶ 3}** Earley appealed her sentences, claiming that aggravated vehicular assault is an allied offense of OVI and that they should have merged. The court of appeals affirmed the judgment of the trial court and held that even assuming that

2

aggravated vehicular assault and OVI are allied offenses, R.C. 2929.41(B)(3) creates an exception that permits a trial court to impose a sentence for both. 2014-Ohio-2643, 15 N.E.3d 357, ¶ 20-21 (8th Dist.).

{¶ 4} The appellate court certified that its decision conflicted with *State v. West*, 2d Dist. Montgomery No. 23547, 2010-Ohio-1786; *State v. Mendoza*, 6th Dist. Wood No. WD-10-008, 2012-Ohio-5988; and *State v. Phelps*, 12th Dist. Butler No. CA2009-09-243, 2010-Ohio-3257. In those cases, without addressing the possible impact of R.C. 2929.41(B)(3), the appellate courts either held that an aggravated-vehicular-assault offense and an OVI offense merged or remanded the case to the trial court for further proceedings to determine whether the offenses should merge pursuant to R.C. 2941.25. *West* at ¶ 45; *Mendoza* at ¶ 10-11; *Phelps* at ¶ 30-32.

{¶ 5} We accepted the conflict certified to us by the Eighth District Court of Appeals:

> When the offense of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1) is the predicate conduct for aggravated vehicular assault in violation [of] R.C. 2903.08(A)(1), are the two offenses allied, and if so, does R.C. 2929.41(B)(3) create an exception that allows a trial court to impose a sentence for both offenses?

140 Ohio St.3d 1450, 2014-Ohio-4414, 17 N.E.3d 597. We also accepted the proposition of law raised in Earley's discretionary appeal:

> When the offense of operating a vehicle while under the influence, R.C. 4511.19(A)(1)(a), is the predicate conduct for aggravated vehicular assault, R.C. 2903.08(A)(1)(a), Ohio's allied-

offense statute, R.C. 2941.25, must be considered before a court may determine whether concurrent or consecutive sentences will be imposed under [R.C.] 2929.41(B)(3). Fifth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution; R.C. 2941.25.

140 Ohio St.3d 1451, 2014-Ohio-4414, 17 N.E.3d 598.

## II. Analysis

**{¶ 6}** The specific language found in R.C. 2941.25 and R.C. 2929.41 guides us in deciding whether R.C. 2929.41(B)(3) creates an exception that allows a trial court to impose a sentence for both aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and OVI in violation of R.C. 4511.19(A)(1)(a) when the OVI offense is the predicate conduct for aggravated vehicular assault.

### *Statutory Provisions*

**{¶ 7}** R.C. 2941.25 sets forth when a defendant may be convicted of multiple offenses. It provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶ 8}** While R.C. 2941.25 focuses on multiple convictions, R.C. 2929.41 addresses sentencing, providing instruction to the trial court on whether prison terms shall be served consecutively or concurrently. R.C. 2929.41(A) provides, "Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony." And R.C. 2929.41(B)(3) states:

> A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

*The Parties' Arguments*

**{¶ 9}** Earley argues that her aggravated-vehicular-assault and OVI offenses are allied offenses of similar import pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, and that the trial court committed plain error when it sentenced her for both.

**{¶ 10}** The state responds that the trial court properly sentenced Earley for both aggravated vehicular assault and OVI. It argues that the plain language of R.C. 2929.41(B)(3) demonstrates the General Assembly's intent to allow cumulative punishments for those offenses, and it suggests that our analysis for determining whether offenses merge pursuant to R.C. 2941.25 does not apply.

*The Offenses Are Not Allied Offenses of Similar Import*

**{¶ 11}** We conclude that the trial court did not err in sentencing Earley for both OVI in violation of R.C. 4511.19(A)(1)(a) and aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), because we hold that the two offenses are not allied offenses of similar import. In so concluding, we note that Earley's reliance upon *Johnson* is misplaced. The lead opinion in *Johnson* did not receive the support of a majority of this court, and more recent decisions of this court have rendered the analysis of the *Johnson* lead opinion largely obsolete. *See State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 16 (recognizing that although *Johnson* included a syllabus paragraph, our decision in that case "was incomplete").

**{¶ 12}** We have applied a three-part test under R.C. 2941.25 to determine whether a defendant can be convicted of multiple offenses:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶ 31; *see also id*. at paragraphs one, two, and three of the syllabus.

**{¶ 13}** The two particular offenses at issue here—felony aggravated-vehicular- assault under R.C. 2903.08(A)(1)(a) and misdemeanor OVI under R.C. 4511.19(A)(1)(a)—are offenses of dissimilar import and significance. R.C. 2903.08 states:

6

> (A) No person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person or another's unborn in any of the following ways:
>
> (1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance.

Aggravated vehicular assault as defined in R.C. 2903.08(A)(1)(a) is a felony of the third degree unless one of the enumerated exceptions applies to make it a felony of the second degree, R.C. 2903.08(B)(1), and always carries a mandatory prison term, R.C. 2903.08(D)(1).

{¶ 14} R.C. 4511.19 provides:

> (A)(1) No person shall operate any vehicle * * * within this state, if, at the time of the operation, any of the following apply:
>
> (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

OVI in violation of R.C. 4511.19(A)(1)(a) is a misdemeanor of the first degree unless an exception applies. R.C. 4511.19(G)(1)(a).

{¶ 15} By criminalizing aggravated vehicular assault under R.C. 2903.08(A)(1)(a) and classifying it as a third-degree felony with a mandatory prison term, the General Assembly emphasized the necessity of a strong punishment for and deterrent against individuals causing serious physical harm while driving under the influence. This felony offense has a different import and significance than merely driving under the influence, for aggravated vehicular assault necessarily involves causing serious physical harm to another person. A

first-degree misdemeanor violation of R.C. 4511.19(A)(1)(a), on the other hand, occurs any time an individual drives under the influence of alcohol or drugs, and one who does so commits this offense regardless of any subsequent consequences that occur due to the impaired driver's actions. There is a legitimate justification for criminalizing each of these offenses separately, and R.C. 2941.25 permits separate convictions for both pursuant to the test set forth in *Ruff*.

{¶ 16} Thus, because the affirmative answer to the first *Ruff* question allows Earley to be separately convicted of each offense, the trial court did not commit plain error—and did not err at all—in not merging the convictions.

*R.C. 2941.25 and 2929.41(B)(3) Have Independent Effect*

{¶ 17} We further hold that R.C. 2929.41(B)(3) does not create an exception to R.C. 2941.25. Instead, the two statutes are independent and work together.

{¶ 18} The allied-offense statute, R.C. 2941.25, concerns the merger of *convictions*. By applying R.C. 2941.25, courts determine whether a defendant can be convicted of multiple offenses. If a court concludes that particular multiple offenses are *not* allied offenses of similar import pursuant to R.C. 2941.25, the defendant may be convicted of all of them. And if that occurs, the court then proceeds to sentence the defendant on all the offenses.

{¶ 19} R.C. 2929.41 addresses sentencing, providing instruction to the trial court on whether prison terms shall be served consecutively or concurrently. We accordingly conclude that because R.C. 2929.41 does not become relevant until valid convictions have *already* been obtained, it cannot be said that R.C. 2929.41 creates an exception to R.C. 2941.25.

{¶ 20} By explicitly providing that a sentence for a violation of R.C. 4511.19 can be served either consecutively or concurrently to a sentence for a violation of R.C. 2903.08, the language of R.C. 2929.41(B)(3) bolsters the view that a first-degree-misdemeanor OVI and a third-degree-felony aggravated

vehicular assault are offenses of dissimilar import and significance that are to be punished cumulatively. R.C. 2929.41(B)(3) authorized the trial court to impose multiple sentences on Earley for those offenses by providing that the requirement for concurrent sentences stated in R.C. 2929.41(A) does not necessarily apply in this specific situation. Although this language is fully consistent with our conclusion that the two offenses at issue in this case are not allied offenses of similar import, it is not dispositive of that concern because either sentencing option available to the trial court under R.C. 2929.41 here was based on the presence of two valid separate convictions.

### III. Conclusion

{¶ 21} We accordingly hold that a trial court may impose cumulative sentences for both aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and operating a motor vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) when the offense of operating a vehicle while under the influence is the predicate conduct for aggravated vehicular assault. Furthermore, R.C. 2941.25 and 2929.41(B)(3) have independent effect, and it cannot be said that R.C. 2929.41(B)(3) provides an exception to the allied-offense statute.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER and O'NEILL, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., concur in judgment.

_____

**O'DONNELL, J., separately concurring.**

{¶ 22} R.C. 2929.41(B)(3) carves out an exception to the allied offense statute and permits a court to impose consecutive sentences for felony aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and its predicate misdemeanor offense of operating a motor vehicle under the influence of alcohol

or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a), regardless of whether they are allied offenses of similar import.

**{¶ 23}** We have considered the allied offense statute, R.C. 2941.25, on many occasions and have recognized it as a legislative prohibition against multiple punishments for two or more offenses resulting from the same conduct. *See State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11.

**{¶ 24}** It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶ 25}** R.C. 2929.41(B)(3) specifically authorizes a trial court to exercise its discretion to impose consecutive sentences for misdemeanor OVI violations:

A jail term or sentence of imprisonment imposed for *a misdemeanor violation of section * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section * * * 2903.08 * * * when the trial court specifies that it is to be served consecutively*.

(Emphasis added.)

{¶ 26} By using this language, the General Assembly expressed its intent to vest a sentencing court with discretion to impose consecutive sentences for the felony of aggravated vehicular assault and a misdemeanor OVI offense whenever the court exercises its discretion to impose sentence in that fashion. In *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, this court stated: "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *Id.* at syllabus.

{¶ 27} The majority concludes that R.C. 2941.25 is independent from R.C. 2929.41(B)(3) because R.C. 2941.25 focuses on multiple convictions while R.C. 2929.41 addresses sentencing. According to the majority, "R.C. 2929.41 does not become relevant until valid convictions have *already* been obtained." (Emphasis sic.) Majority opinion at ¶ 19. However, we recently concluded that " 'for purposes of R.C. 2941.25(A), a conviction is a determination of guilt *and the ensuing sentence*,' " thus, a defendant " 'is not "convicted" for purposes of R.C. 2941.25(A) *until the sentence is imposed*.' " (Emphasis added.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 18, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 13, 24. Therefore, "merger of allied offenses occurs at sentencing." *Id.*, citing *Whitfield* at ¶ 18.

{¶ 28} The allied offense statute provides general rules on whether multiple sentences may be imposed, whereas R.C. 2929.41(B)(3) expressly refers to the two offenses at issue in this case and permits a trial court to exercise its discretion to impose consecutive sentences if it chooses to do so.

{¶ 29} Accordingly, regardless of whether the felony offense of aggravated vehicular assault and the misdemeanor offense of OVI qualify as allied offenses of similar import for purposes of R.C. 2941.25, the specific directory language of R.C.

2929.41(B)(3) permits a trial court to impose cumulative sentences for those offenses independent of and without regard to the allied offense statute.

{¶ 30} For this reason, I concur with the judgment entered in this case.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brett Hammond and T. Allan Regas, Assistant Prosecuting Attorneys, for appellee.

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, for appellant.

Kitrick, Lewis & Harris Co., L.P.A., Mark Kitrick, and Elizabeth Mote, urging affirmance for amicus curiae Mothers Against Drunk Driving.

Ron O'Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Franklin County Prosecuting Attorney Ron O'Brien.

_____