[Cite as *State v. Hazley*, 2016-Ohio-7689.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27107 |
| | : | |
| v. | : | T.C. NO. 15CR2640 |
| | : | |
| CAMILLE HAZLEY | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of _____November_____, 2016.

. . . . . . . . . .

HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794 and ADAM J. ARNOLD, Atty. Reg. No. 0088791, 1502 Liberty Tower, 120 W. Second Street, Suite 1502, Dayton, Ohio 45402
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Camille Hazley appeals from her conviction and sentence for one count of aggravated burglary (physical harm), in violation of R.C. 2911.11(A)(1), a felony of the first degree; and one count of felonious assault (serious harm), in violation of R.C. 2903.11(A)(1), a felony of the second degree. Hazley filed a

timely notice of appeal with this Court on May 10, 2016.

{¶ 2} The incident which forms the basis for the instant appeal occurred on the night of August 22, 2015, when the victim, Robert Ryan, was at his residence located at 1138 West Second Street. Late that evening, Hazley, who was living in the apartment next door, knocked on Ryan's door and asked to come inside. Ryan testified that he was acquainted with Hazley as he knew her to be living with his next door neighbor Elizabeth Warren. Moreover, Ryan testified that Hazley and her three-year old son had visited him at his apartment on two prior occasions.

{¶ 3} On the night of the incident, however, Ryan testified that Hazley came over alone and was acting "strange." When Hazley began asking him for money, Ryan testified that he told her to leave his apartment, but she ignored him. At that point, Ryan testified that Hazley began hitting him on his arms and head, while continuing to demand that he give her some money. Ryan continued to refuse to give her any money. Hazley then grabbed Ryan's left forearm and twisted it approximately three to four times, resulting in a six to seven inch tear in the skin on Ryan's arm. Once Ryan began bleeding profusely, Hazley attempted to soak up the blood with some tissues. Hazley then left Ryan's apartment.

{¶ 4} After Hazley left, Ryan called the police and requested a paramedic. Thereafter, Ryan was taken by ambulance to Grandview Hospital where he received treatment for his injuries. In addition to the severe injury to his arm, Ryan suffered bruising to his face where Hazley struck him. Ryan later identified Hazley in a blindly administered photo spread prepared by officers from the Dayton Police Department.

{¶ 5} On August 28, 2015, Hazley was indicted for one count of felonious assault

and one count of aggravated burglary. At her arraignment on September 1, 2015, Hazley stood mute, and the trial court entered a plea of not guilty on her behalf. Thereafter, on September 10, 2015, Hazley filed a motion for a mental competency evaluation and a not guilty by reason of insanity evaluation. After a competency evaluation was completed, the trial court issued an order finding Hazley competent to stand trial on October 8, 2015.

{¶ 6} On October 19, 2015, Hazley filed a motion to suppress evidence from the photo-spread identification administered to Ryan by the police. A hearing was held on said motion on February 5, 2016, after which the trial court denied Hazley's motion to suppress in a decision and entry issued on March 8, 2016.

{¶ 7} Hazley's jury trial began on April 12, 2016, and ended the next day, April 13, 2016. Hazley was ultimately found guilty of both counts in the indictment, and the trial court referred the matter for a presentence investigation report ("PSI"). The trial court scheduled Hazley's disposition for April 29, 2016. On April 25, 2016, Hazley filed a motion to merge her offenses for the purposes of sentencing. The State filed its memorandum in opposition to Hazley's motion for merger on April 28, 2016.

{¶ 8} At the sentencing hearing on April 29, 2016, the trial court denied Hazley's motion for merger and sentenced her to three years in prison for aggravated burglary and two years in prison for felonious assault. The trial court ordered the sentences to be served concurrently for an aggregate sentence of three years imprisonment.

{¶ 9} It is from this judgment that Hazley now appeals.

{¶ 10} Hazley's sole assignment of error is as follows:

{¶ 11} "THE TRIAL COURT ERRED IN FAILING TO MERGE APPELLANT'S

CONVICTIONS OF FELONIOUS ASSAULT AND AGGRAVATED BURGLARY AS ALLIED OFFENSES OF SIMILAR IMPORT."

{¶ 12} In her sole assignment, Hazley argues that the trial court erred when it found that her convictions for felonious assault and aggravated burglary were not allied offenses and therefore, refused to merge the offenses for the purposes of sentencing. Specifically, Hazley asserts that the two offenses were of similar import, occurred contemporaneously, and were committed with the same animus.

{¶ 13} R.C. 2941.25, Ohio's allied offense statute, provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 14} The Ohio Supreme Court recently clarified the applicable standard when determining whether offenses merge as allied offenses of similar import. *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892.

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may

result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Ruff* at ¶ 30–31.

{¶ 15} Most recently in *State v. Wood,* 2d Dist. Montgomery No. 26134, 2016–Ohio–143, we stated the following:

[T]he Ohio Supreme Court addressed the allied-offense issue again in *State v. Earley,* [145 Ohio St.3d 281], 2015–Ohio–4615, [49 N.E.3d 266]. There the majority characterized the analysis in its earlier *Johnson* lead opinion as "largely obsolete." *Id.* at ¶ 11. The *Earley* court instead embraced *Ruff,* which, as noted above, considers a defendant's *conduct,* his *animus,* and the *import* or significance of his offenses. Applying *Ruff,* the *Earley* court concluded that misdemeanor OVI and felony aggravated vehicular assault "are offenses of dissimilar import and significance that are to be punished cumulatively." *Earley* at ¶ 20. For purposes of our analysis here, we note

that a defendant bears the burden of establishing entitlement to merger, and we review a trial court's ruling on the issue de novo. *State v. LeGrant,* 2d Dist. Miami No. 2013–CA–44, 2014–Ohio–5803, ¶ 15.

\*\*\*

We reach the same conclusion under the *Ruff* standard, which the Ohio Supreme Court applied in *Earley.* We see nothing in *Ruff* that alters or undermines the foregoing analysis about McGail's commission of murder and aggravated robbery involving the same conduct committed with the same animus. For the reasons set forth above, we conclude that the two offenses were not committed separately and were not committed with a separate animus or motivation. These findings remain pertinent under *Ruff,* which, as noted above, provides that offenses do not merge if "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Ruff* at ¶ 25; *see also id.* at ¶ 30–31.

*Wood,* at ¶ 54, quoting *State v. McGail,* 2015–Ohio–5384, 55 N.E.3d 513, ¶ 51 & 60 (2d Dist.).

{¶ 16} An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams,* 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 28. "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *Id.*

**{¶ 17}** Hazley was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1), which provides in pertinent part:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another.

**{¶ 18}** Hazley was also convicted of felonious assault, in violation of R.C. 2903.11(A)(1) which provides, "[n]o person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn."

**{¶ 19}** Hazley's aggravated burglary and felonious assault convictions are not allied offenses of similar import because the offenses were committed separately and with a separate animus. Initially, we note that the second count (aggravated burglary) in Hazley's indictment states in pertinent part:

**CAMILLE HAZLEY** *** by force, stealth or deception, did trespass in an occupied structure, to wit: RESIDENCE located at 1138 W. SECOND STREET, DAYTON, OHIO *** when another person *** was present, with purpose to commit in the structure *** *any criminal offense, to wit: ASSAULT and/or THEFT*, and did inflict, or attempt or threaten to inflict physical harm on another, to wit: ROBERT RYAN ***.

**{¶ 20}** In denying Hazley's motion for merger of her aggravated burglary and felonious assault convictions, the trial court stated as follows:

The Court: *** In addition, I am also going to find that I have reviewed not only *State v. Barker*, but *State v.* [*Ruff*] and being guided by those, I am going to find that the two offenses were dissimilar in import or significance.

And that is under the analysis in [*Ruff*]. Particularly as [the State] pointed out, the felonious assault resulted from the serious nature of the injuries to the victim's arm. The aggravated burglary only require[d] any physical harm. The victim testified that the photographs revealed also [sic] bruising. He testified that he was punched and other physical violence exerted on him before his arm was injured.

So I am going to find that the offenses were not committed with -- I'm sorry, were dissimilar in import and significance, particularly the nature of the injury required. And the Court will find that the sentence for the counts *** does not merge and the offenses were not allied offenses of similar import.

{¶ 21} On the record before us, we find that the aggravated burglary was committed when Ryan ordered Hazley to leave and she tacitly refused and remained in his apartment in an effort to force him to give her money, or in other words, commit a theft. Simply put, once Hazley was found to be trespassing in Ryan's residence, her purpose was to commit a theft by inflicting physical harm upon him by striking him about his head and upper body. Essentially, the aggravated burglary was completed by an attempt to forcibly obtain money before Hazley committed the felonious assault offense against Ryan by grabbing his left forearm and tearing his skin apart. Contrary to Hazley's argument, felonious assault was not an element of aggravated burglary as charged in the

indictment. Accordingly, utilizing the *Ruff* analysis in the present case, we find that the aggravated burglary and felonious assault were committed with a separate animus and, thus, were not subject to merger.

{¶ 22} Hazley's sole assignment of error is overruled.

{¶ 23} Hazley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Heather N. Jans
Kristin L. Arnold
Adam J. Arnold
Hon. Barbara P. Gorman