[Cite as *State v. Powell*, 2017-Ohio-311.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 2016-CA-23 |
| Plaintiff-Appellee | : | 2016-CA-24 |
| | : | |
| v. | : | Trial Court Case Nos. 15-CR-372 |
| | : | 12-CR-584 |
| PAUL E. POWELL, SR. | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of January, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Campbell Law, LLC, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Case No. 2016-CA-23 arises from Paul Powell, Sr.'s appeal of his conviction

and sentence for two counts of aggravated vehicular assault, both third-degree felonies,

and one count of operating a vehicle while under the influence of alcohol, a misdemeanor of the first degree. Case No. 2016-CA-24 arises from his appeal of the imposition of consecutive 10-month prison sentences for each of two counts of forgery, both fifth-degree felonies, after Appellant admitted that he violated community control sanctions that had been imposed for those offenses. We determined the final disposition of the trial court cases occurred together, and we entered an order consolidating the cases for appeal.

{¶ 2} Powell's appellate counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that this appeal is frivolous and requesting permission to withdraw. In the *Anders* brief, Powell's appellate counsel directed our attention to two potential assignments of error, one relating to each case. By order filed October 17, 2016, we informed Powell that an *Anders* brief had been filed and advised him of both his right to file his own brief assigning any errors for review and the time limit to do so. Powell did not file a pro se brief, and the time for filing has expired.

**The Facts and Course of Proceedings**

{¶ 3} In 2012, Paul Powell, Sr. was indicted for four counts of fifth-degree felony forgery. He entered guilty pleas to two of those counts in exchange for dismissal of the other two. At sentencing, the trial court placed Powell on community control sanctions and notified him, among other things, that if he violated community control and a prison sentence was imposed he would serve 10 months on each count consecutive to each other for a total of 20 months. (Transcript December 19, 2012 at 21-22; Judgment Entry of Conviction, unnumbered pg 3). In April 2015, Powell appeared in court as a result of alleged community control violations. The violations consisted of testing positive for

opiates and benzodiazepines on March 27, 2015, and having unreported contact with law enforcement on February 28, 2015, when he received a traffic citation, and on "March 25, 2015, following a traffic accident." (Affidavit of Probation Officer filed March 30, 2015). On May 29, 2015, Powell entered an admission to these violations. The transcript of the hearing reveals the probation officer indicated that Powell's contact with police as a result of a traffic accident involved a motor vehicle collision where police were still investigating whether Powell was a passenger or the driver. The trial court found Powell violated his community control and added the condition that he be confined in the West Central Community Corrections facility to complete its program. Powell was again informed that if he violated community control sanctions he would serve 20 months in prison, 10 months for each count consecutively. (May 29, 2013 Transcript at 16).

{¶ 4} Powell was indicted on July 20, 2015 in case number 2015 CR 0372 for multiple charges related to a motor vehicle collision that occurred on March 25, 2015 that caused serious debilitating injuries, including hospitalization and surgery, for each of the two persons in the other involved vehicle. The indicted charges included two counts of aggravated vehicular assault, the proximate result of committing an OVI, both second-degree felonies, two counts of vehicular assault, both third-degree felonies, two counts of failure to stop after an accident, both fifth-degree felonies, and operating a motor vehicle while under the influence of alcohol or drugs, a misdemeanor of the first degree. Each of the four vehicular assault charges also had an enhancing specification that Powell was driving under suspension at the time of the offense. Considerable discovery proceeded, including expert evaluation of Powell's DNA found in blood on the driver's air bag of the vehicle he was driving and a surveillance video from the lounge he had left, driving the

same vehicle, shortly before the collision.

{¶ 5} In the interim, Powell completed the West Central program sentence from Case No. 2012 CR 584 and he was transferred to the Clark County Jail to await trial. Trial for case No. 2015 CR 372 was scheduled for March 22, 2016. At the final pre-trial on March 14, 2016, Powell entered into a written plea agreement where he would plead guilty to the two aggravated vehicular assault charges, without the specifications, making them third-degree felonies, and the one count of OVI, a first-degree misdemeanor. The court advised Powell of the constitutional rights he was waiving by his guilty plea, of the consequences of his pleas, and determined his pleas were knowing and voluntary. The court also confirmed that Powell understood his plea of guilty could be a violation of his community control sanctions in Case No. 2012 CR 584 and that would subject him to an additional sentence of the remainder of the 20-month sentence in that case. Our review of the record reveals that the trial court fully complied with Crim. R. 11 at the plea hearing. A presentence investigation was ordered and the case was set for sentencing on April 5, 2016.

{¶ 6} On April 4, 2016, an affidavit of a probation officer was filed in Case No. 2012 CR 584 alleging that Powell had violated his community control sanctions by entering guilty pleas in Case No. 2015 CR 372. At the court hearing on April 5, 2016, the trial court reviewed the community control violation allegation with Powell, reviewed the rights he would be waiving by entering an admission, determined that Powell understood he could serve an additional 20 months as a result, and accepted Powell's admission that he violated his community control. The court then proceeded to sentencing.

{¶ 7} On Case No 2012 CR 584, the trial court imposed the remainder of the 20-

month sentence after giving Powell credit for the time he had served in that case. The court made the findings for consecutive sentences required by R.C. 2929.14(C)(4) and found them applicable to both cases. On case No. 2015 CR 372, the court indicated it considered the presentence investigation, the purposes and principles of sentencing and various applicable statutory factors. Powell was sentenced to two years in prison on each aggravated vehicular assault charge, and six months in jail on the OVI charge, all consecutive to each other for a total of four years and six months incarceration, and all to be served consecutive to the prison terms imposed in 2012 CR 584. After disclosing the sentence imposed, the trial court informed Powell of the possibility of a discretionary three year post-release control term after his sentence and the consequences of violating PRC. Powell was given credit for the time he served in jail awaiting trial.

**Potential Assignments of Error**

{¶ 8} Appellate counsel has identified a potential assignment of error addressing whether the court complied with Crim.R. 32.3 in accepting the admission of community control violation and whether the court properly imposed a consecutive sentence aggregating 20 months. We agree with counsel that such an assignment would be frivolous. The record reveals Powell had been advised of the alleged violation, was represented by counsel at his appearance before the court where, after being advised of his rights and the consequences, he waived an evidentiary hearing and admitted he violated community control. Moreover, the trial court had notified him more than once that violation of community control would subject him to a prison term of 20 months and the trial court made the findings required to impose consecutive sentences. Neither of the potential arguments about the admission of the violation or the sentence imposed has

arguable merit.

{¶ 9} With regard to the 2015 CR 372 case, counsel suggests a potential assignment of error, consisting of three parts: (1) whether the trial court complied with Crim. R. 11; (2) whether the sentences were properly imposed and (3) whether the OVI charge merges with aggravated vehicular assaults for which OVI is the predicate offense. Again, we agree with counsel these arguments are frivolous. There is no evidence within the record that suggests the trial court did not comply with the plea guidelines set forth in Crim.R. 11. The trial court properly informed Powell that he was waiving the various constitutional rights identified in Crim.R.11. The court also made certain Powell understood both the nature of the charges against him and the consequences of the guilty pleas. The court concluded Powell knowingly, voluntarily, and intelligently waived his rights and entered his pleas. Likewise, with regard to the sentences imposed, they are within the appropriate statutory ranges, are not contrary to law, and the court made the findings necessary to impose consecutive sentences and correctly imposed discretionary post-release control of three years. On this record, an assignment of error that the trial court improperly accepted Powell's pleas or incorrectly imposed his sentence lacks arguable merit.

{¶ 10} Powell's aggravated vehicular assault charges under R.C. 2903.08(A)(1)(a) alleged that he caused serious physical harm to another "[a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code," an OVI violation. One might query whether the predicate offense (OVI) merges for sentencing with the aggravated vehicular assault. It does not. In *State v. Earley,* 145 Ohio St.3d 281, 49 N.E.3d 266, 2015-Ohio-4615, the Ohio Supreme Court held: "A trial court may impose

cumulative sentences for aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) when the offense of operating a vehicle while under the influence is the predicate conduct for aggravated vehicular assault." (Syllabus of the court). Furthermore, those cumulative sentences may be concurrent or consecutive. *Id.* at ¶ 20. An argument directly contrary to recent Supreme Court precedent on the same point is frivolous.

## *Anders* Review

{¶ 11} We have performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the various filings, the transcripts of the admission, the pleas, and the sentencing hearing. We have found no non-frivolous issues for review. Counsel's request to withdraw as attorney for Appellant is granted. Accordingly, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

Copies mailed to:

Megan Farley
April F. Campbell
Hon. Richard J. O'Neill