[Cite as *State v. McDonald*, 2023-Ohio-438.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| NICKOLAS MCDONALD, | : | Case No. CT2022-0035 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2021-00658


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        February 14, 2023


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

RON WELSH        CHRIS BRIGDON
Prosecuting Attorney        8138 Somerset Road
Muskingum County, Ohio        Thornville, Ohio 43076

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}** Defendant-appellant Nickolas McDonald appeals his sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On December 9, 2021, the Muskingum County Grand Jury indicted the appellant on the following: one count of kidnapping in violation of R.C. 2905.01(A)(3) with a firearm specification pursuant to R.C. 2941.145, a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(3) by virtue of his commission of a theft offense as defined in R.C. 2913.01, a felony of the first degree; one count of domestic violence in violation of R.C. 2919.25(A), and having previously been convicted of or pleaded guilty to the offense of domestic violence a felony of the fourth degree; and, one count of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree. Appellant pleaded not guilty to the charges at his December 15, 2021 arraignment.

**{¶3}** On April 20, 2022, the appellant pleaded guilty to count one, kidnapping, as amended without the firearm specification, in violation of R.C. 2905.01(A)(3), a felony of the first degree; and, count two, felonious assault in violation of R.C. 2903.11(A)(1). The parties stipulated to the following facts at the April 20, 2022 Plea Hearing.

**{¶4}** Appellant and the victim resided together as romantic partners. On November 25, 2021, the victim arrived home after work around 7:15 a.m. and proceeded to take a shower, during which the appellant started arguing with her. After showering, the victim dressed, got her keys and purse, and attempted to leave the residence, at

which time the appellant ripped the victim's purse and keys away from her. The victim attempted to run out the front door, but the appellant slammed the door shut, grabbed the victim by the neck and hair, and slammed her into several things in the living room.

{¶5} Appellant dragged the victim by her hair into the kitchen and slammed her on the floor, telling her that she was not going anywhere and that he was going to kill her. Appellant then told the victim to sit in a chair at the kitchen table. He destroyed her cell phone, smashing it and throwing it at her. The victim believed that she was going to die. The victim went into the bathroom to try and throw up, at which time the appellant hit her in the head, poured cold water on her, and pushed her several more times about the head and face.

{¶6} The appellant had taken the victim's keys and purse, and destroyed her cell phone. The victim did not know how to escape. When she fell asleep the appellant threw liquids on her to wake her up. She was forced to remain in the home for approximately twelve hours. Later that evening the victim's sister arrived at the residence, was able to get the victim out of the house, and took her to the hospital. The victim was admitted with contusions on her head, face, neck, and thigh, and had a tear in the inner wall of her carotid artery.

{¶7} A sentencing hearing was conducted on June 1, 2022, at which time the parties presented arguments on the issue of whether the charges to which the appellant pleaded guilty should be merged for purposes of sentencing. The trial court determined that the two charges were separate and distinct, finding that the felonious assault was an assault upon the victim's body, while the terrorizing to which the appellant subjected the victim was an assault upon her mind that took place over an extended period of time. The

trial court found further that while the victim was not physically assaulted the entire time she was forced to remain in the home, she was still being restrained from leaving and was being threatened. The trial court thus found that the charges did not merge. The appellant was sentenced to ten years on the first degree felony charge of kidnapping, and was sentenced to four years on the felonious assault charge. The trial court ordered that the sentences be served consecutively for a total of fourteen years, with a possible indefinite term of nineteen years.

**{¶8}** Appellant raises the following assignment of error on appeal:

**{¶9}** "I. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION, ARTICLE 1, SECTION 10, SPECIFICALLY THE DOUBLE JEOPARDY CLAUSE WHEN THE APPELLANT WAS CONVICTED OF MULTIPLE CRIMES CONSTITUTING ONE ANIMUS."

**{¶10}** The appellant argues in his sole assignment of error that the kidnapping and felonious assault charges are based upon one animus, constitute a continuing course of conduct, and should therefore have been merged for purposes of sentencing. He contends that because his sentences for kidnapping and felonious assault were not merged, the trial court erred in imposing consecutive sentences and essentially punished him twice for the same crime. We disagree.

## STANDARD OF REVIEW

**{¶11}** Appellate courts consider allied-offense questions based upon a de novo standard of review. *State v. Miku*, 2018-Ohio-1584, 111 N.E.3d 558, ¶ 70 (5th Dist.),

appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams*,134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

## ANALYSIS

**{¶12}** R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

(A)　Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)　Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶13}** The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 2016-Ohio-880, 60 N.E.3d 765, ¶ 22 (5th Dist.) In a plurality opinion, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*,128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The Court directed lower courts to look at the elements of the offenses in question and determine "whether it is possible to commit one offense *and* the other with the same conduct." *Id.* at ¶ 48. If the answer is in the affirmative, the court must then determine whether or not the offenses

were committed by the same conduct. *Id.* at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id.* at ¶ 51.

{¶14} *Johnson's* rationale has been described by the Court as "incomplete." *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11. The Ohio Supreme Court has further instructed courts to ask three questions when considering whether a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶31.

{¶15} The appellant pleaded guilty to kidnapping in violation of R.C. 2905.01(A)(3), and felonious assault in violation of R.C. 2903.11(A)(1). R.C. 2905.01(A)(3) addresses kidnapping, and provides in pertinent part:

(A)     No person, by force, threat, or deception, . . . by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

\*          \*          \*

(3) To terrorize, or to inflict serious physical harm on the victim or another;

{¶16} R.C. 2903.11(A)(1) addresses felonious assault, and provides in pertinent part:

(A)      No person shall knowingly do either of the following:

(1)      Cause serious physical harm to another or to another's unborn;

**{¶17}**  In this case, the appellant ripped the victim's purse and keys away from her, then grabbed her by the neck and hair and slammed her body into several different things around the living room. He dragged her by her hair into the kitchen and slammed her to the floor. He followed the victim into the bathroom when she tried to throw up, hit her in the head, poured cold water on her, and pushed her several more times in the head and face. The appellant's actions demonstrate his purpose or immediate motive to cause the victim serious physical harm, and constitute felonious assault.

**{¶18}**  In addition to assaulting the victim, the appellant also refused to allow her to leave the home over an extended period of time.  He took her purse and keys, and destroyed her cell phone, forcing her to remain in the home for approximately twelve hours. He prohibited her from leaving the home, terrorizing her such that she was afraid for her life. The appellant's actions of preventing the victim from leaving the home for approximately twelve hours constitute a separate identifiable incident with a separate identifiable harm.

**{¶19}**  We find that the appellant's acts of physical assault upon the victim and his acts of forcing her to remain in the home for approximately twelve hours are different and distinct acts which were committed separately, and are not allied offenses of similar import. There was evidence that the acts occurred over an extended period of time, and in different parts of the house. Further, as succinctly set forth by the trial court, while the victim was not physically assaulted the entire time she was forced to remain in the home, she was still being restrained from leaving and was being threatened. We therefore find

that the trial court did not err in failing to merge the offenses to which the appellant pleaded guilty.

{¶20} The appellant's sole assignment of error is overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Delaney, J. concur.