[Cite as *State v. Guerin*, 2025-Ohio-1376.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-24-032
                                                                                                         WD-24-033
　　　　　　Appellee
                                                                                Trial Court No. 2023 CR 0311
                                                                                                           2022 CR 0221

v.

David Allen Guerin                                     **<u>DECISION AND JUDGMENT</u>**

　　　　　　Appellant                              Decided: April 17, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} David Allen Guerin appeals the sentence of incarceration imposed upon him

by the Wood County Court of Common Pleas after having pled guilty to three counts of

violating a protection order.  Guerin contends that the trial court erred when it denied his

motion to have Count One and Count Two merged for purposes of sentencing.  We

disagree.   Accordingly, we affirm the judgment of the trial court.

<u>The Indictment</u>

**{¶ 2}** On June 22, 2023, Gurein was indicted by the Wood County Grand Jury and charged with three counts of violating a protection order.  More specifically, the indictment alleges:

Count One:   Violating a Protection Order -F5  (2919.27(A)(2), 2919.27(B)(3)(c):

Date of Offense: *On or about January 7, 2023 through January 10, 2023* did recklessly violate the terms of a protection order issued pursuant to section 2151.34, 2903.213 or 2903.214 of the Revised Code. FURTHERMORE, David Allen Guerin previously had been convicted of, pleaded guilty to, or been adjudicated a delinquent child for one violation of Section 2919.27, to wit: 11-18-21 in Perrysburg Municipal Court, Wood County, of ORC 2919.27(A)(2), Violating a Protection Order, in CRB 2101078A.  *cell phone calls.*

Count Two:  Violating a Protection Order -F5  (2919.27(A)(2), 2919.27(B)(3)(c):

Date of Offense: *On or about January 7, 2023* did recklessly violate the terms of a protection order issued pursuant to section 2151.34, 2903.213 or 2903.214 of the Revised Code.  FURTHERMORE, David Allen Guerin previously had been convicted of, pleaded guilty to, or been adjudicated a delinquent child for one violation of Section 2919.27, to wit: 11-18-21 in Perrysburg Municipal Court, Wood County, of ORC 2919.27(A)(2), Violating a Protection Order,  in CRB 2101078A.  *text messages*

Count Three:  Violating a Protection Order -F5  (2919.27(A)(2), 2919.27(B)(3)(c):

Date of Offense: *On or about January 7, 2023* did recklessly violate the terms of a protection order issued pursuant to section 2151.34, 2903.213 or 2903.214 of the Revised Code.  FURTHERMORE, David Allen Guerin previously had been convicted of, pleaded guilty to, or been adjudicated a delinquent child for one violation of Section 2919.27, to wit: 11-18-21 in Perrysburg Municipal Court, Wood County, of ORC 2919.27(A)(2), Violating a Protection Order, in CRB 2101078A.  *work phone calls*

2.

<u>The Guilty Plea</u>

**{¶ 3}** On April 2, 2024, Guerin entered a Plea of Guilty to Indictment and Waiver of Trial by Jury. After a presentence report was prepared, Guerin was sentenced on April 20, 2024, to serve a six-month period of incarceration on each of the three counts, to be served consecutively to each other as well as consecutively to a 36-month sentence in a prior case of intimidation in case No. 2022-CR-221.

**{¶ 4}** Gurein does not assign any error to his guilty plea or to the nature of the sentence in case No. 2022-CR-221 or to the consecutive imposition of any of his sentences.

<u>Single Assignment of Error</u>

**{¶ 5}** Guerin presents a single assignment of error for our review:

> The Trial Court Erred When it Failed to Merge Appellant's Counts One and Two at Sentencing.

**{¶ 6}** In his appeal, Guerin offers the same argument that he presented to the trial court. He argues that the text messages and voicemails were sent within a four-hour period on January 7th, constituting a single continuous act. Therefore, he claims that Count One and Two should be merged.

**{¶ 7}** As this court held in *State v. Turvey*, 6th Dist. Lucas, 2023-Ohio-2248, ¶ 107-108, (6th Dist.),

> R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, which prohibits multiple punishments for the same offense. *State v. Rogers*, 6th Dist. Erie Nos. E-21-027/031, 2022-Ohio-4126, 2022 WL 17076596, ¶ 16 * * * The test for determining

3.

whether allied offenses should be merged is well-established: As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions [to conclude] whether a defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable. Ruff at ¶ 23. (Emphasis added). *State v. Farris*, 2024-Ohio-868, ¶¶ 25-27 (6th Dist.), 238 N.E.3d 168,175, *appeal not allowed,* 2024-Ohio-3313, ¶¶ 25-27, 175 Ohio St. 3d 1443, 241 N.E.3d 216

{¶ 8} In this case, Guerin's unlawful conduct and actions in Count One and Two involved the utilization of two separate identifiable methods of contact with cell phone calls and text messages. Guerin is not contesting that each of these methods of contact were in violation of the Protection Order issued by the Perrysburg Municipal Court in case No. CRB-2101078A. Nevertheless, the harm that resulted from each modality of violation is separate and identifiable. *State v. Kronenberg*, 2024-Ohio-4673, ¶ 25-27 (8th Dist.).

{¶ 9} Accordingly, in accord with *Ruff,* the record demonstrates that the offenses were not allied offenses subject to merger for conviction and sentencing purposes. We find appellant's sole assignment of error not well-taken.

4.

**{¶ 10}** Based upon the forgoing, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.