[Cite as *State v. Selvaggio*, 2018-Ohio-3532.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-128** |
| BRANDON K. SELVAGGIO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 2016 CRB 04744.

Judgment: Affirmed.

*Michael P. Germano*, City of Willoughby Hills Prosecutor, and *Nicholas D. Laudato*, 37265 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Richard D. Eisenberg*, 1413 Golden Gate Boulevard, Suite 200, Mayfield Heights, OH 44124 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Brandon K. Selvaggio appeals from the judgment of the Willoughby Municipal Court, denying his Crim.R. 32.1 post sentencing motion to withdraw his plea of guilty to aggravated disorderly conduct, a fourth-degree misdemeanor. Mr. Selvaggio argues that trial counsel was ineffective; that his due process rights were violated; and that the trial court erred by ordering forfeiture of his gun. Finding no reversible error, we affirm.

{¶2}   July 23, 2016, two men entered Mr. Selvaggio's home without permission. Evidently, they were his nephews.  An argument ensued, and Mr. Selvaggio, who has a conceal and carry permit, chased them off with his gun.  He was arrested.  The Lake County prosecutor sought to indict him for felony assault, in violation of R.C. 2903.11, and aggravated menacing in violation of R.C. 2903.21, a first-degree misdemeanor. However, the Lake County Grand Jury only indicted him on the latter count, so the case was transferred to the trial court.  Mr. Selvaggio pleaded not guilty.

{¶3}   Mr. Selvaggio retained Attorney Richard Perez to represent him.  At the hearing on the motion to withdraw, Mr. Selvaggio testified that Attorney Perez told him he would try to get the charge reduced to a minor misdemeanor, which was like "spitting on the sidewalk."  Mr. Selvaggio waived his attorney client privilege, so Attorney Perez appeared for the state.  Attorney Perez denied ever having described a minor misdemeanor conviction as being similar to "spitting on the sidewalk," but did testify he attempted to negotiate the matter down to a minor misdemeanor.  He further testified the state refused to do this, but offered to let Mr. Selvaggio plea to aggravate disorderly conduct, a fourth-degree misdemeanor, with a minor fine, court costs, no probation if he completed an anger management class, and forfeiture of the gun.  Mr. Perez testified he fully communicated this offer to Mr. Selvaggio.  Mr. Selvaggio testified he remembered the plea deal was to fourth degree misdemeanor disorderly conduct, but denied Mr. Perez told him about the forfeiture of his gun, or that costs would be as high as they were.

{¶4}   At some point, Mr. Selvaggio contacted Attorney Richard Eisenberg, whom he described as his family lawyer.  Mr. Selvaggio testified that Mr. Eisenberg urged him not to take the plea deal, but to go to jury trial.  Mr. Selvaggio decided on taking this

2

course of action, so Mr. Perez withdrew from the case, and Mr. Eisenberg entered his appearance, requesting jury trial.

{¶5} Sometime thereafter, Mr. Selvaggio spoke with Attorney Angelo Lombardo, who evidently represents him in federal court. He asked Attorney Lombardo about the plea deal negotiated by Attorney Perez. Mr. Selvaggio testified that Attorney Lombardo told him it was a great deal, and that if Mr. Selvaggio did not take it, he would enter the case himself, and take the plea without Mr. Selvaggio's permission.

{¶6} Mr. Selvaggio testified that Attorney Perez contacted him thereafter, possibly at the behest of Attorney Lombardo. Mr. Selvaggio testified he decided to take the plea deal. May 2, 2017, Attorney Perez faxed his notice of appearance to the trial court's clerk. That same day, Attorney Perez's assistant emailed Mr. Eisenberg, requesting he withdraw his representation. Mr. Eisenberg's reply email simply states, "No."

{¶7} Evidently, Attorney Perez was informed by the trial court or the state that any hearing on the change of plea had to go forward, or it would not be accepted. Mr. Perez called Mr. Selvaggio, and informed him of this, further telling him he was otherwise engaged, and that his friend, Attorney Timothy Deeb, would take the plea. May 10, 2017, the change of plea hearing went forward, though the matter was not entered on the docket. Mr. Selvaggio testified that it was at this time he first learned the plea deal involved forfeiture of his gun. He further testified it was at this time he first learned that fourth degree disorderly conduct applies when "[t]he offender persists in disorderly

3

conduct after reasonable warning or request to desist."   R.C.  2917.11(E)(3)(a).[1] Nevertheless, he accepted the plea deal.

{¶8}   Attorney Deeb also testified for the state.  He stated that he, once again, fully explained the plea deal with Mr. Selvaggio, and asked him whether he still wanted to accept the plea, to which he received an affirmative response.

{¶9}   June 6, 2017, through Attorney Eisenberg, Mr. Selvaggio moved to withdraw his guilty plea.  Hearing went forward June 28, 2017.  Mr. Selvaggio testified he was happy with the representation given him by attorneys Perez, Eisenberg, and Deeb. He testified he did mind having to forfeit his gun.  He testified his only problem with the plea was the fact that the ordinance contained the word "persistent."  He testified this made him feel like he had pleaded to being a violent person.

{¶10} September 7, 2017, the trial court filed its judgment entry, denying the motion to withdraw the guilty plea.  Mr. Selvaggio timely noticed appeal, assigning three errors.  The first reads: "Denying appellant's motion to withdraw plea and vacate sentence was unsupported by evidence and error as a matter of law."  In support of this assignment of error, Mr. Selvaggio argues he never would have accepted the plea deal if he knew it involved pleading to "persistent" disorderly conduct.  He argues that Attorney Deeb had led him to believe that his conduct was the equivalent of a minor misdemeanor.  He further argues, based on the audio of the plea hearing (no transcript was filed), that Attorney Deeb represented, at that hearing, that he was present on Attorney Eisenberg's behalf – an error to which Attorney Deeb admitted.

---

1. Mr. Selvaggio was actually charged under the applicable Willoughby ordinance, which, however, tracks the statute.

4

{¶11} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶12} We review a trial court's decision to grant or deny a post sentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion. *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶21. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶13} In *State v. Derricoatte*, 11th Dist. Ashtabula No. 2012-A-0038, 2013-Ohio-3774, ¶18, we stated:

{¶14} "This court has defined the term 'manifest injustice' as a 'clear or openly unjust act.' *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. Pursuant to this standard, extraordinary circumstances must exist before the granting of a post-sentencing motion to withdraw can be justified. *Id.* 'The rationale for this high standard is "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe."' [*State v.*] *Robinson*, [11th Dist. Lake No. 2011-L-145,] 2012-Ohio-5824, at ¶14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, * * * (1985)." (Parallel citations omitted.)

5

{¶15} Further, in *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *3 (March 22, 2002), this court explained that in order to show ineffective assistance of counsel in a plea deal, a defendant must show that the ineffective assistance "precluded a defendant from entering his plea knowingly and voluntarily."

{¶16} None of Mr. Selvaggio's arguments indicates he suffered a "manifest injustice" when the trial court denied his motion to withdraw his plea. He testified he was satisfied by the representations given by each of his counsel. Further, Mr. Selvaggio failed to file the transcript of his plea hearing. In the absence of such a transcript, we must presume the regularity of the proceedings at that hearing, and that his plea was entered knowingly and voluntarily. *State v. Yankora*, 11th Dist. Ashtabula No. 2000-A-0033, 2001 WL 276904, *2 (March 16, 2001).

{¶17} The first assignment of error lacks merit.

{¶18} The second assignment of error reads: "The trial court failed to provide proper notice of the plea hearing which was error depriving the appellant of due process." Under this assignment of error Mr. Selvaggio argues he was deprived of due process since the change of plea hearing was never noted on the trial court's docket, which is constructive notice. *Miller v. Halstead*, 11th Dist. Trumbull No. 2000-T-0088, 2001 WL 1149883, *1 (Sept. 28, 2001), quoting *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assoc.*, 28 Ohio St.3d 118, 124 (1986). He further cites to Willoughby Muni. Ct. Loc.R. 21, which states: "[a]ll criminal cases shall be heard only at the regularly-scheduled date and time. Defendants may appear for hearing or disposition of their case at a time other than the regularly-scheduled date and time only with prior leave of Court."

6

{¶19} We are respectfully unconvinced by these arguments. Notice can be by telephone. *Miller*, *supra*, at 2. As we noted above, Attorney Perez was contacted either by the trial court or the state, and told the change of plea hearing would go forward May 10, 2017, and Attorney Perez informed Mr. Selvaggio, as well as telling him that Attorney Deeb would be present. Nothing in the record suggests Mr. Selvaggio objected.

{¶20} Mr. Selvaggio also cites to Willoughby Muni. Ct. Loc.R. 19, which provides that only attorneys of record may represent a party, and argues that Attorney Eisenberg was his attorney of record. He contends the jury waiver form he signed at the change of plea hearing falsely indicates that Attorney Eisenberg approved it.

{¶21} Again, we are unconvinced. Attorney Perez was also Mr. Selvaggio's attorney of record, and Attorney Deeb attended the hearing on his behalf. The signature for the attorney on the jury waiver is largely illegible, but appears to include a capital "D," which indicates it was properly signed by Attorney Deeb.

{¶22} The second assignment of error lacks merit.

{¶23} The third assignment of error reads: "Forfeit of appellant's weapon was excessive fine and violated his constitutional rights under Article I, Section 9 of the Ohio Constitution." Mr. Selvaggio argues the trial court could not require forfeiture of his gun on a plea to a fourth-degree misdemeanor.

{¶24} We respectfully disagree with Mr. Selvaggio's description of what actually occurred in the trial court. He agreed in his plea deal to forfeit the gun. Mr. Perez, an attorney with more than forty years' experience, testified the state often includes this as a term in plea deals, whenever a gun was involved, because the police want it, to discourage members of the public from displaying guns, even in minor criminal situations.

7

Further, there is no loss of due process, when a defendant agrees to forfeiture of property, to obtain a reduced charge in a plea deal. *State v. Gladden*, 86 Ohio App.3d 287, 289 (1st Dist.1993).

{¶25} The third assignment of error lacks merit.

{¶26} The judgment of the Willoughby Municipal Court is affirmed.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.