[Cite as *State v. Kerr*, 2018-Ohio-4882.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-35 |
| | : | |
| WILLIAM ANTHONY KERR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2018.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

FRANK MATTHEW BATZ, Atty. Reg. No. 0093817, 126 N. Philadelphia Street, Dayton, Ohio 45403
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} William Anthony Kerr appeals from his conviction following a guilty plea to one count of heroin possession, a fifth-degree felony.

{¶ 2} Kerr's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. We notified Kerr of the *Anders* filing and gave him an opportunity to submit a pro se brief, but he did not do so.

{¶ 3} The record reflects that Kerr was charged with heroin possession and other drug-related offenses. The charges stemmed from the execution of a search warrant at a house where Kerr and others were found in possession of drugs. Prior to trial, the State dismissed all charges against Kerr other than heroin possession. Shortly after a jury trial commenced, Kerr elected to plead guilty to that remaining charge. In exchange for the plea, the State agreed to recommend the preparation of a presentence investigation (PSI) report and imposition of non-residential community control sanctions. The trial court accepted the plea at the conclusion of a change-of-plea hearing. At sentencing, the trial court imposed three years of community control, but it included a requirement that Kerr complete a residential drug-treatment program. It also ordered his payment of court costs and imposed a fine. The trial court journalized its sentence in a February 23, 2018, judgment entry. This appeal followed.

{¶ 4} In his *Anders* brief, Kerr's appointed appellate counsel raises four potential assignments of error but concludes that they lack arguable merit. They concern (1) whether Kerr knowingly, intelligently, and voluntarily entered his guilty plea, (2) whether his sentence was imposed in accordance with law, (3) whether he received proper notice

of revocation of his community control, [1] and (4) whether he received ineffective assistance of counsel in connection with the plea agreement.

{¶ 5} Upon review, we concur in counsel's assessment that the foregoing issues are frivolous. The transcript of Kerr's plea hearing reflects compliance with Crim.R. 11, and we see no arguable issue with respect to the knowing, intelligent, and voluntary nature of his guilty plea. We also see no arguable basis for challenging Kerr's sentence. Although the prosecutor recommended non-residential community control sanctions, the trial court explained why it disagreed and why it found a residential program necessary. (February 23, 2018 Sentencing Tr. at 13-15). Its reasons included Kerr's prior violation of bond by smoking marijuana, his two prior prison terms, his high risk-assessment score, his lack of a GED or any job skills, and his need for substance-abuse and mental-health counseling. In imposing its sentence, the trial court noted that it had considered the statutory principles and purposes of sentencing as well as the seriousness and recidivism factors. The trial court also properly imposed post-release control, court costs, and a fine, and it advised Kerr about those things.

{¶ 6} As for the trial court's subsequent revocation of community control and imposition of a prison sentence—which occurred nearly two months after Kerr filed his notice of appeal—that issue is not properly before us. The present appeal is from only the trial court's February 23, 2018 judgment entry of conviction and sentence. (Doc. #48). Although Kerr has supplemented the record with transcripts of the revocation

---

[1] We note that the trial court revoked community control well after the filing of the notice of appeal in this case, and it imposed a 12-month prison sentence at the request of Kerr, who expressed unwillingness to comply with the requirements of a drug-treatment program.

proceedings, those proceedings never were made part of the present appeal and we cannot consider them.

{¶ 7} The last issue raised by appointed appellate counsel is whether Kerr received ineffective assistance of counsel in the trial court. We see no arguable basis for such a claim with regard to the plea agreement or otherwise. Defense counsel helped obtain the dismissal of three charges against Kerr and the State's recommendation of non-residential community control sanctions in exchange for a guilty plea to one fifth-degree felony. During the plea hearing, Kerr testified that counsel had provided him with discovery materials, had communicated with him about the case, and had given him sufficient information to make an informed plea. Kerr expressed confidence in his attorney and stated that his attorney had done everything he asked. On the record before us, any argument that trial counsel provided prejudicially deficient representation would be frivolous.

{¶ 8} Finally, in accordance with *Anders*, we independently have examined the record for potential assignments of error and have found no non-frivolous issues for our review. Accordingly, we hereby sustain appointed appellate counsel's motion to withdraw from further representation.

{¶ 9} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Kevin Talebi
Frank Matthew Batz
William Anthony Kerr
Hon. Nick A. Selvaggio