[Cite as *State v. Crowell*, 2018-Ohio-5226.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 COA 018 |
| CURTIS W. CROWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No. 17 CRI 146


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 21, 2018


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHRISTOPHER R. TUNNELL                 CHRISTINE I. REIHELD
PROSECUTING ATTORNEY                   Post Office Box 532
VICTOR R. PEREZ                        Danville, Ohio  43014
ASSISTANT PROSECUTOR
110 Cottage Street
Ashland, Ohio  44805

*Wise, John, P. J.*

{¶1} Appellant Curtis W. Crowell appeals from his convictions, following guilty pleas, in the Court of Common Pleas, Ashland County, for trafficking in cocaine and other offenses. Appellee is the State of Ohio. The relevant facts leading to this appeal, as indicated by testimony from the preliminary hearing, are as follows.

{¶2} In October 2017, while conducting an investigation on an overdose death, Detective Brian Evans of the Ashland Police Department came into contact with Nathan R., a male individual he knew as a heroin user. As a result of this conversation, Det. Evans obtained information that Nathan R. had been buying his drugs from someone using the street name "Slim." Nathan informed Det. Evans that "Slim's" vehicle was a red car with a sunroof. He also gave the detective "Slim's" cell phone number. *Id.*

{¶3} About a week after the aforesaid conversation, Det. Evans went to a department store in Ashland County on another police matter. While in the parking lot, Det. Evans noticed Nathan R. standing next to another male, which the detective recognized as Jacob C. As a conversation ensued, appellant arrived in the parking lot in a red car with a sunroof.

{¶4} Det. Evans observed that the man in the red car matched the description of "Slim." The detective observed the smell of burnt marijuana and displayed his police badge. The driver identified himself as Curtis Crowell, appellant in the case *sub judice*. Appellant initially denied knowing Nathan R., Jacob C., or a third male, "Shunk," who had been inside the store. Appellant eventually admitted that he knew Nathan R.

{¶5} Det. Evans subsequently placed appellant under arrest for falsification and driving under suspension.

{¶6} Det. Evans then pursued an investigation of appellant's residence on Virginia Avenue. Another officer, Jeremy Jarvis, went to that location and spoke with appellant's purported girlfriend, Crystal W. After Det. Evans came to the scene, a search warrant was obtained. Crystal told the officers that appellant kept a locked box in their bedroom closet. While executing the search warrant, the officers found suspected cocaine, heroin, and drug paraphernalia. Det. Evans also found in the kitchen what appeared to be approximately 2.5 grams of suspected crack cocaine that was packaged for sale.

{¶7} A complaint alleging cocaine trafficking was filed in the Ashland County Common Pleas Court on October 18, 2017. A preliminary hearing took place on October 26, 2017. On November 9, 2017, the Ashland County Grand jury indicted appellant on one count of trafficking in cocaine in the vicinity of a juvenile (R.C. 2925.03(A)(2)), a felony of the second degree; trafficking in heroin in the vicinity of a juvenile (R.C. 2925.03(A)(2)), a felony of the third degree; possession of cocaine (R.C. 2925.11(A)), a felony of the third degree; possession of heroin (R.C. 2925.11(A)), a felony of the fourth degree; having weapons under a disability (R.C. 2923.13(A)(3)), a felony of the third degree; and endangering children (R.C. 2919.22(A)), a misdemeanor of the first degree. Each trafficking charge contained a firearm specification, and the trafficking and possession charges also contained a forfeiture specification related to a cell phone, currency, and a motor vehicle.

{¶8} Appellant subsequently pled not guilty to all charges.

{¶9} On October 27, 2017, appellant's defense counsel had filed for discovery and for a bill of particulars. On November 14, 2017, appellant was arraigned. On

November 30, 2017, the State provided appellant's trial counsel with discovery and a bill of particulars.

{¶10} On December 21, 2017, appellant's counsel filed a motion to suppress. On February 20, 2018, appellant's counsel filed a supplement to said motion to suppress and filed another motion to suppress. The State jointly responded to all of these on February 23, 2018.

{¶11} On February 26, 2018, appellant withdrew his motions to suppress. On the same day, appellant entered guilty pleas to Counts 1, 3, and 5 of the indictment. Appellant also entered a guilty plea to the firearm specification in Count 1 and to the pertinent forfeiture specifications of the indictment.

{¶12} The trial court conducted a sentencing hearing on March 26, 2018, at which time the trial court heard from appellant's trial counsel and appellant. The trial court then sentenced appellant to five years in prison on the count of trafficking in cocaine and one year on the firearm specification. The trial court ordered the firearm specification to be served consecutively to the trafficking count. The court merged the having weapons while under disability count with the trafficking count. The court also sentenced appellant to thirty months in prison for the count of possession of cocaine, but ordered that sentence to be served concurrently. The court also ordered appellant to pay an aggregate fine of $12,500.00, and ordered forfeiture of the items specified in the indictment's forfeiture specifications. Finally, appellant was given credit for 161 days he had served prior to sentencing.

{¶13} On April 18, 2018, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶14} "I. TRIAL COUNSEL WAS INEFFECTIVE FOR HAVING APPELLANT PLEAD GUILTY TO A GUN SPECIFICATION WHERE THE EVIDENCE PRESENTED AT THE PRELIMINARY HEARING CLEARLY SHOWS NO EVIDENCE THAT APPELLANT POSSESSED OR EXERCISED CONTROL OVER A GUN DURING HIS ALLEGED TRAFFICKING OFFENSE.

{¶15} "II. THE TRIAL COURT ERRED BY FAILING TO MERGE APPELLANT'S POSSESSION AND TRAFFICKING IN COCAINE CHARGES FOR PURPOSES OF SENTENCING, AND TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THAT MERGER.

{¶16} "III. APPELLANT SHOULD BE PERMITTED TO WITHDRAW HIS PLEA AS IT WAS NOT KNOWINGLY MADE GIVEN THE LACK OF INFORMATION PROVIDED BY TRIAL COUNSEL, THE LIMITED AMOUNT OF TIME HE HAD TO CONSIDER THE PLEA OFFER AND ITS CONSEQUENCES, AND THE FAILURE OF ANYONE TO DISCUSS THE IMPLICATIONS OF THE PLEA UPON APPELLANT'S MOTION TO SUPPRESS ON THE RECORD."

I.

{¶17} In his First Assignment of Error, appellant contends his trial counsel was ineffective for permitting him to plead guilty to a firearm specification on the cocaine trafficking count under the evidentiary circumstances presented. We disagree.

{¶18} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for

ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; *i.e.*, whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

{¶19} Generally, an attorney's advice to take a plea deal is not ineffective assistance of counsel. *See State v. Sturgill,* 12th Dist. Clermont No. CA2014–09–066, 2015–Ohio–1933, ¶ 20; *State v. Shannon*, 11th Dist. Trumbull No. 2017-T-0012, 2017-Ohio-9344, ¶ 34. In order to show ineffective assistance of counsel in a plea deal, a defendant must show that the ineffective assistance "precluded a defendant from entering his plea knowingly and voluntarily." *State v. Selvaggio*, 11th Dist. Lake No. 2017-L-128, 2018-Ohio-3532, ¶ 15, quoting *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036. Furthermore, in this situation, we should "*** weigh any imperfections in the process against the possibility that the defendant is avoiding a much harsher result by resolving the case." *See State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, ¶ 40.[1]

---

[1]   *Pepper* involved a defendant's post-sentence withdrawal of plea motion, but we find its rationale applicable to appellant's claim herein on direct appeal that his trial counsel was ineffective for having him plead to the gun specification.

{¶20} In support of the present assigned error, appellant concedes that evidence was adduced at the preliminary hearing that indicated law enforcement officers located drugs and a loaded, operable fireman in a lock box in appellant's residence. However, during the incident in the store parking lot, Det. Evans apparently found no contraband or firearms present on appellant or in his vehicle, and the known drug user, Nathan R., did not specifically reference appellant possessing a firearm.

{¶21} The record also reveals the following colloquy, in pertinent part, during the change of plea hearing:

> The Court: Okay. Have you had the opportunity to review with Attorney Davis all of the essential elements of the three charges and specifications that the State would otherwise have to prove beyond a reasonable doubt or by a preponderance of the evidence at trial, as well as any defenses that you can present at trial of these charges and specifications, and the potential sanctions that you could face in sentencing if the Court sentenced you on the charges of [sic] the specifications?
>
> Mr. Crowell: Yes.
>
> The Court: Has Attorney Davis explained everything to your satisfaction and answered all of your questions?
>
> Mr. Crowell: Yes.
>
> The Court: And are you satisfied with Attorney Davis' advice, counsel, and competence in representing you in this matter?
>
> Mr. Crowell: Yes.

{¶22} Change of Plea Transcript, p. 10-11.

**{¶23}** We also note appellant did not inform the trial court at the plea hearing that he had not been properly advised by his trial counsel. Appellant further did not complain about his attorney nor did he try to withdraw his guilty pleas, and he told the court at sentencing that he apologized for his actions.

**{¶24}** We have long recognized that a review on appeal is generally limited to those materials in the record that were before the trial court. *See, e.g.*, *State v. DeMastry,* 155 Ohio App.3d 110, 119–120, 799 N.E.2d 229, 2003-Ohio-5588. As such, we cannot speculate in the present appeal as to what communications may have taken place between appellant and his trial attorney off the record. We find appellant has not demonstrated from the record that he was precluded from entering his plea knowingly and voluntarily. *Selvaggio, supra*.

**{¶25}** Accordingly, we are unpersuaded that appellant's trial counsel was ineffective in advising him to plead guilty to the firearms specification.

**{¶26}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶27}** In his Second Assignment of Error, appellant argues the trial court erred in failing to merge appellant's cocaine possession and cocaine trafficking charges for purposes of sentencing, and trial counsel was ineffective for failing to request such a merger. We disagree.

**{¶28}** R.C. 2941.25 states as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or

information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶29}** R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions. *See State v. Jackson,* 2nd Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 133. Appellate review of an allied offense question under R.C. 2941.25 is *de novo. State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

**{¶30}** Under the Ohio Supreme Court's decision in *State v. Earley,* 145 Ohio St.3d 281, 285, 2015-Ohio-4615, 49 N.E.3d 266, we now apply a three-part test under R.C. 2941.25 to determine whether a defendant can be convicted of multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *Id.* at ¶ 12, citing *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. We also note in *Ruff,* the Court had further developed the analytical framework for courts to apply regarding the concept of "import," holding in part as follows: "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses

involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff,* at paragraph two of the syllabus.

**{¶31}** Merger is a sentencing question, not an additional burden of proof shouldered by the State at trial. *State v. Washington,* 137 Ohio St.3d 427, 432, 999 N.E.2d 661 (2013), citing *State v. Mughni,* 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). Appellant herein concedes that because he did not raise the merger issue before the trial court, the "plain error" standard applies. *See*, *e.g.*, *State v. Ball*, 5th Dist. Licking No. 18-CA-1, 2018-Ohio-2942, ¶ 47. We note the Ohio Supreme Court, in *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 448 N.E.2d 452, reiterated that "* * * the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *Id.* at 227, 448 N.E.2d 452. An appellant must at least show a deviation from a legal rule that constitutes an "obvious defect" in the trial proceedings. *See State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

**{¶32}** Ohio courts have found that possession and trafficking are not always allied offenses when the offenses are committed separately or where a different animus or motivation is apparent. *State v. Rodriguez*, 12th Dist. No. CA2015-02-024, 2016-Ohio-452, 59 N.E.3d 619, ¶ 30. In support of the present assigned error, appellant cites to evidence adduced at the preliminary hearing indicating both convictions were based on the existence of a large amount of cocaine located at appellant's residence, in conjunction with scales, baggies, and other items used to separate amounts of drugs into units for individual sale. However, the Ohio Supreme Court has long recognized: "The purpose of a preliminary hearing in Ohio is merely what the term implies. It is not

to hear all the evidence and determine the guilt or innocence of the accused but rather to determine whether sufficient evidence exists to warrant binding the accused over to the grand jury, where, after a more thorough investigation of the evidence, it is then determined whether a formal charge shall be made against the accused." *White v. Maxwell*, 174 Ohio St. 186, 188, 187 N.E.2d 878, 880 (1963).

{¶33} Because we do not know the totality of what would have been presented as evidence had the case gone to trial, we find no merit in appellant's present claims of plain error and/or ineffective assistance on the question of merger of offenses. Also, we again apply, in this context, our earlier caveat that an appellate court should weigh any imperfections in the plea process against the possibility that the defendant is avoiding a much harsher result by resolving the case. *See Pepper, supra.* In this instance, it is reasonable to assume that trial counsel did not advance a merger argument because treatment of the counts as separate was part of the plea deal.

{¶34} Appellant's Second Assignment of Error is overruled.

III.

{¶35} In his Third Assignment of Error, appellant contends he "should be permitted to withdraw his plea." We disagree.

{¶36} Appellant's present assigned error is three-fold: He claims (1) he should be permitted to withdraw his plea as it was not knowingly made based on the alleged "the lack of information provided by trial counsel," (2) he was not given sufficient time to consider the plea offer and its consequences, and (3) there was no discussion on the record of the implications of the plea upon appellant's motions to suppress.

{¶37} We first note that appellant apparently did not actually request or file a motion to withdraw his guilty plea with the trial court pursuant to Crim.R. 32.1, and he has therefore waived his present claim on appeal. *See State v. Betances*, 8th Dist. Cuyahoga No. 70786, 1997 WL 391334, citing *State v. Stokes*, 8th Dist. Cuyahoga No. 69032, 1996 WL 100955. Nonetheless, in the interest of justice, in regard to points (1) and (2), *supra*, we find our attempt to analyze these claims would involve improper speculation by this Court dehors the record. In regard to point (3), notwithstanding that appellant's motions to suppress were ultimately withdrawn, appellant provides no authority for the proposition that a plea colloquy must include a specific explanation that a defendant's right to argue any pending suppression issues will be obviated by his or her guilty plea.

{¶38} Appellant's Third Assignment of Error is therefore overruled.

{¶39} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

.

JWW/d 1210