[Cite as *State v. Schnarr*, 2019-Ohio-29.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18 CA 0035 |
| ZACHARY SCHNARR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                                        Pleas, Case No.  17 CR 783


JUDGMENT:                                     Affirmed


DATE OF JUDGMENT ENTRY:        January 7, 2019


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

DAN BENOIT                                   JENNIFER WARMOLTS
ASSISTANT PROSECUTOR               WOLFE LAW GROUP LLC
20 South 2nd Street                          1350 West 5th Avenue, Suite 330
Newark, Ohio  43055                        Columbus, Ohio  43212

*Wise, P. J.*

{¶1}   Defendant–Appellant Zachary Schnarr appeals from his conviction for felonious assault in the Court of Common Pleas, Licking County. Plaintiff-Appellee is the State of Ohio.[1] A brief summary of the relevant facts and procedural history leading to this appeal is as follows.

{¶2}   On September 17, 2017, a male individual and members of his family were walking near Geller Park in Newark, Ohio. According to the State's allegations, appellant drove by in a Ford Mustang, and the male individual yelled at him to slow down. Appellant turned the vehicle around and drove back. A verbal altercation ensued. Appellant ultimately accelerated toward the man who had yelled. He then struck him with the Mustang and "continued to swerve and accelerate" for a time. The man finally fell off of the hood, and had to be taken to the hospital. He later reported being unable to work and to pay his rent. *See* Plea and Sentencing Transcript at 9-11, 19.

{¶3}   On March 12, 2018, appellant appeared with counsel before the trial court and pled guilty to one count of felonious assault, R.C. 2903.11(A)(2)/(D)(1)(a), a felony of the second degree. The State dismissed an additional misdemeanor count of aggravated menacing. Appellant was thereupon sentenced to two years in prison.

{¶4}   Appellant, originally proceeding *pro se*, initiated a delayed appeal, with subsequent leave of this Court, on May 9, 2018.

{¶5}   Appellant's present counsel, upon her assignment to the case, reviewed the matter and thereafter filed a brief pursuant to *Anders v. California, infra*, asserting that

---

[1]   The State has not filed a response brief in this matter.

she could find no error prejudicial to appellant for argument. Appellate counsel, on the same day, filed a conditional motion to withdraw.

**{¶6}** However, counsel for appellant has submitted one potential assigned error under *Anders*, which we re-state as follows:

**{¶7}** "I. APPELLANT DID NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTER A PLEA OF GUILTY DUE TO INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL."

**{¶8}** Appellant was given an opportunity to file a *pro se* brief raising additional potential assignments of error, but he has apparently chosen not to do so.

**{¶9}** As noted in our recitation of facts, present appellate counsel has presented us with an *Anders* brief following her appointment to the case. In *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court established the following five criteria: (1) A showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellant's counsel; (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error; (4) a showing that appellant's counsel provided to the appellant a copy of said brief; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a *pro se* brief raising any additional assignments of error appellant believes the appellate court should address. *See State v. Jennings*, 5th Dist. Richland No. 98CA24, 1999 WL 547919.

**{¶10}** Pursuant to *Anders,* if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so

advise the court and request permission to withdraw. *Id.* at 744. Once the defendant's counsel satisfies the aforesaid requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶11}  We initially find appellate counsel in this matter has adequately followed the procedures required by *Anders v. California*, *supra*.

I.

{¶12}  We first turn to the merits of appellant's counsel's potential Assignment of Error alleging ineffective assistance of trial counsel in appellant's entry of a guilty plea.

{¶13}  Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; *i.e.*, whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all

decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

**{¶14}** Crim.R. 11(C)(2) states as follows:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶15}** Generally, an attorney's advice to take a plea deal is not ineffective assistance of counsel. *See State v. Shannon*, 11th Dist. Trumbull No. 2017-T-0012, 2017-Ohio-9344, ¶ 34, citing *State v. Sturgill*, 12th Dist. Clermont No. CA2014–09–066, 2015–Ohio–1933, ¶ 20. In order to show ineffective assistance of counsel in a plea deal, a

defendant must show that the ineffective assistance "precluded a defendant from entering his plea knowingly and voluntarily." *State v. Selvaggio*, 11th Dist. Lake No. 2017-L-128, 2018-Ohio-3532, ¶ 15, quoting *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036.

**{¶16}** In reviewing the present issue in an *Anders* context, an appellate court should review the transcript of the plea hearing in light of Crim.R. 11 and consider whether there are any arguable issues with respect to the knowing, intelligent, and voluntary nature of the appellant's guilty plea. *See State v. Kerr*, 2nd Dist. Champaign No. 2018-CA-8, 2018-Ohio-4882, ¶ 5. Having done so in the case *sub judice*, we find no arguable issues in regard to appellant's counsel's sole potential Assignment of Error, and it is therefore overruled.

### *Additional Potential Issues*

**{¶17}** In the case *sub judice*, appellant was convicted, following his guilty plea, of a single second-degree felony count. We *sua sponte* note, *inter alia*, that a guilty plea waives a defendant's right to challenge the sufficiency or manifest weight of the evidence. *See State v. Loper*, 5th Dist. Licking No. 09-CA-0043, 2009-Ohio-5919, ¶ 7. The fact of the sole count would also obviate any issues of merger of offenses. Furthermore, "[a] prison sentence for a second-degree felony is not mandatory, but presumed." *State v. Bauman*, 7th Dist. Columbiana No. 17 CO 0016, 2018-Ohio-4913, ¶87; R.C. 2929.13(D)(1). Under R.C. 2929.14(A)(2), the possible prison sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. Here, appellant's prison sentence was the minimum term under the statutory range.

**{¶18}** Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims presently exist upon which to base further direct appeal.

**{¶19}** Therefore, we find the present appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the trial court's judgment of conviction and sentence.

**{¶20}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/D 1220